Zane S. Froerer, UT 10807
**FROERER AND MILES, P.C.**
2661 Washington Blvd., Ste 201
Ogden, Utah 84401
Telephone: (801) 621-2690
Facsimile: (801) 566-0750

*Attorneys for Plaintiff*
Affliction Holdings, LLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AFFLICTION HOLDINGS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH VAP OR SMOKE, LLC dba VAPE AFFLICTION, a Utah Limited Liability Company; and DOES 1-10,<br><br>Defendant. | **COMPLAINT**<br><br><br><br>Civil Action No. 1:17-cv-00124-PMW<br><br>**(Jury Trial Demanded)** |

Plaintiff **Affliction Holdings, LLC** for its claims against Defendant **Utah Vap or Smoke, LLC dba Vape Affliction** alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of Utah. This Court has subject matter jurisdiction over the trademark infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law

claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendant because Defendant is incorporated and/or conducts business within the state of Utah.

4.     This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Affliction Holdings, LLC ("Affliction") is a limited liability company organized and existing under the laws of the state of California, with an office and principle place of business located at 1799 Apollo Court, Seal Beach, California 90740.

6.     Upon information and belief, Utah Vap or Smoke, LLC dba Vape Affliction ("Defendant") is a limited liability company duly organized and existing under the laws of the state of Utah with an office and principle place of business at 5684 S. 1900 W., Roy, Utah 84067.

7.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their

inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Affliction® Brand and Its Marks

9. Affliction has been designing and selling apparel and accessories since 2005. Since then, the company has expanded to produce multiple brands of clothing, including American Fighter®, Archaic®, Rebel Saints®, Sinful®, and Secret Artist Society, among others.

10. Affliction has been traditionally associated with the Mixed Martial Arts ("MMA") community. Through its Signature series, Affliction has collaborated with many of the world's top-ranked MMA fighters and world-class boxers, including Cain Velasquez, Andrei Arlovski, Tyron Woodley, Edson Barboza, Phil Davis, Josh Thomson, Randy Couture, Georges St-Pierre, Fedor Emelianenko, Quinton Jackson, Renato Sobral, Shane Mosley, and Zab Judah, among others.

11. In fact, Affliction has also collaborated with well-known entertainers such as Avenged Sevenfold, Ozzy Osbourne, Black Sabbath, Megadeth, Pantera, Korn, Staind, Static-X, Testament, Atreyu, Biohazard, among others.

12. In connection with all of its brands, Affliction has used a variety of legally-protected trademarks, on and in connection with the advertisement and sale of its products, including but not limited to, those products detailed in this Complaint.

13. Amongst Affliction's most well-recognized trademarks is the AFFLICTION word mark (federal registrations for which are attached hereto and incorporated as Exhibit A) and the Affliction LF Fleur-de-Lis (U.S. Reg. No. 4,700,142) (collectively, the "Affliction Marks").

14. The registrations for the Affliction Marks are valid and subsisting. These registrations also act as conclusive evidence of Affliction's exclusive right to use the Affliction

Marks in connection with the goods identified therein and other commercial goods.

15. The registration of the Affliction Marks also provides constructive notice to Defendant of Affliction's ownership and exclusive rights in the Affliction Marks.

16. Affliction has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Affliction Marks. As a result, products bearing the Affliction Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Affliction, and have acquired strong secondary meaning.

17. Affliction has continuously used the Affliction Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates of first use.

### B.  Defendant's Infringing Conduct

18. This lawsuit concerns infringement of the Affliction Marks by Defendant. Defendant, in its advertising and promotion of its business, has violated Affliction's rights in and to each of the Affliction Marks.

19. Upon information and belief, Defendant is engaged in the wholesale and retail sale of electronic cigarette devices and e-liquids and related goods, services, and apparel. Defendant's retail stores are located in the states of Idaho and Utah, including at least one within this judicial district. In addition, Defendant also sells its products through its website, which is available to customers nationwide at www.vapeaffliction.net.

20. Affliction has discovered that Defendant has been producing, manufacturing, promoting, distributing, advertising, offering for sale, and/or selling its goods and services in connection with the use of marks that are identical and/or substantially indistinguishable from the Affliction Marks ("Accused Marks"). These allegations are related to the Plaintiff's AFFLICTION word mark, as well as the marks depicted in the image comparison below:



| Affliction LF Fleur-de-Lis (U.S. Reg. No. 4,700,142) | Defendant's Accused Marks |

21. Defendant is not authorized by Affliction to manufacture, distribute, advertise, offer for sale, and/or sell goods or services bearing any of Affliction's trademarks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

22. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23. The Affliction Marks are nationally recognized, including within the District of Utah, as being affixed to goods and services of the highest quality and coming from Affliction.

24. The registrations embodying the Affliction Marks are in full force and effect and have been used continuously since their respective first dates of use.

25. Defendant's use of the Accused Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with

5

Affliction, come from the same source as Affliction's goods and/or services, and are of the same quality as that assured by the Affliction Marks, when in fact they are not.

26. Defendant's use of the Accused Marks is without Affliction's permission or authority and in total disregard of Affliction's rights to control its trademarks.

27. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Affliction has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Affliction.

28. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Affliction and reap the benefit of Affliction's goodwill associated with the Affliction Marks.

29. As a direct and proximate result of Defendant's willful and infringing conduct, Affliction has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Affliction's trademarks.

30. Affliction has no adequate remedy at law.

31. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using any of the Accused Marks, Affliction Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Affliction has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

32. Affliction incorporates herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

33. Defendant's use of the Accused Marks in connection with goods and services in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Affliction or come from the same source as Affliction's goods when in fact they do not.

34. Defendant's use of the Affliction Marks is without Affliction's permission or authority and in total disregard of Affliction's rights to control its trademarks.

35. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Affliction has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Affliction.

36. Affliction has no adequate remedy at law.

37. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using any of the Accused Marks, Affliction Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Affliction has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

38. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. Affliction owns and enjoys common law trademark rights to the Affliction Marks in Utah and throughout the United States.

40. Defendant's unlawful acts in appropriating rights in Affliction's common law

trademarks were intended to capitalize on Affliction's goodwill for Defendant's own pecuniary gain.  Affliction has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Affliction Marks.  As a result of Affliction's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Affliction.

41. Defendant's use of the Accused Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Affliction.

42. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Affliction.

43. Affliction has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

44. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Affliction in reckless disregard of Affliction's rights.  Said conduct was despicable and harmful to Affliction and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter it from similar such conduct in the future.

45. Affliction has no adequate remedy at law.

46. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using the Accused Marks, Affliction Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Affliction has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### FOURTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

47. Affliction incorporates herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

48. Defendant's infringement of the Affliction Marks constitutes unfair competition in violation of the common law of the state of Utah.

49. Defendant's infringing acts were intended to capitalize on Affliction's goodwill associated with the Affliction Marks for Defendant's own pecuniary gain. Affliction has expended substantial time, resources and effort to obtain an excellent reputation the Affliction® brand. As a result of Affliction's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Affliction.

50. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Affliction.

51. Affliction has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

52. The conduct herein complained of was extreme, outrageous, and was inflicted on Affliction in reckless disregard of Affliction's rights. Said conduct was despicable and harmful to Affliction and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

53. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using the Accused Marks, Affliction Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Affliction has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Utah Code Annotated Sections 13-5a-101 – 103)

54. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

55. Upon information and belief, Affliction herein alleges that Defendant has used in commerce false or misleading descriptions of fact that are likely to cause confusion or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Affliction and/or as to whether Affliction sponsored or approved of Affliction's goods and/or services, in violation of Utah Code Annotated Sections 13-5a-101 through -103.

56. Defendant's acts constitute an intentional business act or practice that is unlawful, unfair, or fraudulent, leads to a material diminution in value of intellectual property, and is infringement of a trademark.

57. The conduct herein complained of was extreme, outrageous, and was inflicted on Affliction in reckless disregard of Affliction's rights. Said conduct was despicable and harmful to Affliction and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

58. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using the Accused Marks, Affliction Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Affliction has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Affliction respectfully prays that this Court enter judgment in their favor and against Defendant as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from using Affliction's trademarks or any marks, designs, works, confusingly similar/substantially similar thereto, including, but not limited to:

 (a) manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods and/or services in connection with the Accused Marks, the Affliction Marks or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

 (b) engaging in any other activity constituting unfair competition with Affliction, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Affliction;

 (c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Affliction;

2. Ordering Defendant to recall from any distributors and retailers and to deliver to Affliction for destruction or other disposition all remaining merchandise and/or advertising, promotional and marketing materials bearing the Accused Marks, the Affliction Marks or any marks/works confusingly similar thereto, as well as means of making same;

3. Ordering Defendant to file with this Court and serve on Affliction within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

5. Awarding Affliction all of Defendant's profits and all damages sustained by Affliction as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

      6.      Awarding treble damages in the amount of Defendant's profits or Affliction's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

      7.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

      8.      Awarding Affliction statutory damages pursuant to 15 U.S.C. §1117(c).

      9.      Awarding Affliction punitive damages in connection with its claims under Utah law; and

      10.    Such other relief as the Court deems just and proper.

Dated:  July 13, 2017

                                              /s/ Zane S. Froerer
                                              Zane S. Froerer
                                              **FROERER AND MILES, P.C.**

                                              *Attorneys for Plaintiff*
                                              Affliction Holdings, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Affliction Holdings, LLC hereby demands a trial by jury as to all claims in this litigation.

 Dated:       July 13, 2017

                                              /s/ Zane S. Froerer
                                              Zane S. Froerer
                                              **FROERER AND MILES, P.C.**

                                              *Attorneys for Plaintiff*
                                              Affliction Holdings, LLC