IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AFFLICTION HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>UTAH VAP OR SMOKE, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00124<br><br>District Judge Dale A. Kimball |

This matter is before the court on Defendant Utah Vap or Smoke, LLC (Utah Vap's) Motion for Summary Judgment. On September 5, 2018, the court held a hearing on the motion. At the hearing, the Plaintiff Affliction Holdings (Affliction) was represented Brent Blakely. Defendants were represented by Mathew Orme and Clinton Duke. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING the Defendant's Motion for Summary Judgment.

## BACKGROUND FACTS

Affliction is an apparel company that is headquartered in California. Utah Vap is a vaping accessory company that is headquartered in Utah. Affliction has been designing and selling apparel and accessories since 2005. Affliction has traditionally been associated with the Mixed Martial Arts community. Affliction has a registered trademark in its name. Affliction alleges that Utah Vap infringed on its trademark. Specifically, Affliction argues that Utah Vap uses a mark that misrepresents the origin of its goods as being produced by Affliction when the goods were produced by Utah Vap.

1

Utah Vap primarily sells vaping accessories; however, it also sells a limited amount of promotional apparel which accounts for .05% or 1/2000 (roughly $10,000) of its overall sales. The alleged infringing mark is attached below.



| Affliction LF Fleur-de-Lis (U.S. Reg. No. 4,700,142) | Defendant's Accused Marks |

Affliction argues that Utah Vap infringed on its trademark and therefore brings claims for: 1) Trademark Infringement Under the Lanham Act; 2) False Designation of Origin and False Descriptions; 3) Common Law Trademark Infringement; 4) Common Law Unfair Competition; and 5) Unfair Competition in Violation of Utah Code Annotated Sections 13-5a-101-103. The Defendant seeks summary judgment on all of Plaintiff's claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion of summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*,

678 F.3d 850, 856 (10th Cir. 2012) (quoting *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008)). The movant must prove that no genuine issue of material fact exists for trial. *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858 (quoting *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)).

## DISCUSSION

Utah Vap seeks summary judgment on all of Affliction's claims on the basis that the parties' marks do not cause a likelihood of confusion among consumers. Each of Affliction's claims are premised on a finding of trademark infringement. Specifically, the First, Second, and Third Causes of Action are federal and common law trademark infringement claims. Meanwhile, infringement is an element of the Fourth and Fifth Causes of Action for common law statutory unfair competition, as they are alleged in the complaint. Therefore, Utah Vap contends that because Affliction has insufficient evidence to prove infringement, each of its claims fail.

Utah Vap also argues that Affliction has not provided a computation of damages or even disclosed an estimate of the damages it seeks. Utah Vap argues that fact discovery is now closed, and Affliction has failed to produce any evidence establishing an estimation of damages.

**(i)  Likelihood of Confusion**

"The elements of an infringement claim under [15 U.S.C. § 1125(a)] are: 1) that the plaintiff has a protectable interest in the mark; 2) that the defendant has used an identical mark in commerce…; and 3) that the defendant's use is likely to confuse consumers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013). "An infringement claim under [15 U.S.C. § 1114] has nearly identical elements… except that the registration of a mark serves as

prima facie evidence of both the mark's validity and the registrant's exclusive right to use it in commerce…" *Id*. The central question in infringement actions is "whether the defendant's use of the plaintiff's mark is likely to cause consumer confusion." *Id*.

Although likelihood of confusion is a question of fact, the Tenth Circuit has held that it is one "amenable to summary judgment in certain cases… because courts retain an important authority to monitor the outer limits of substantial similarity within which a jury is permitted to make the factual determination of whether there is a likelihood of confusion." *Nutraceutical Corp. v. Affordable Naturals*, 2017 WL 4564739, *11 (D. Utah 2017) (citing *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999). In determining whether there is a likelihood of confusion, courts examine and weigh six factors: 1) the degree of similarity between the marks; 2) the intent of the alleged infringer in adopting its mark; 3) evidence of actual confusion; 4) the similarity and the manner of marketing between the goods or services marketed by the competing parties; 5) the degree of care likely to be exercised by purchasers; and 6) the strength or weakness of the marks. *King of the Mountain,* 185 F.3d at 1089-90. The court examines these factors holistically and no single factor is dispositive. "[A] genuine dispute of material fact will not exist if all relevant factors, properly analyzed and considered together, … indicate consumers are not likely to be confused." *Heartsprings, Inc. v. Heartspring, Inc.*, 143 F.3d 550, 558 (10th Cir. 1998).

Utah Vap seeks summary judgment arguing that although Affliction admittedly has a strong mark, the other five factors weigh against a finding of a likelihood of confusion. Affliction's opposition to summary judgment focuses almost exclusively on arguing that the $10,000 of promotional apparel that Utah Vap sells cause a likelihood of confusion. Affliction provides very little argument that Utah Vap's vaping accessories cause a likelihood of confusion.

4

### 1) The Similarity of the Marks

"The similarity of the marks is the first and most important factor." *Hornady Mfg., Inc. v. Doubletap, Inc*., 746 F.3d 995, 1001 (10th Cir. 2014)(citing *King of the Mountain Sports, Inc. v. Chrysler Corp*., 185 F.3d 1084, 1091 (10th Cir. 1999). "Similarity is gauged on three levels: sight, sound, and meaning." *Id*. "In comparing the marks, we do not independently examine each syllable of the marks but consider the mark as a whole as they are encountered by consumers in the marketplace." *Id*. "We therefore compare the full marks, not just their components." *Id*. "[T]he court is not free to focus solely on the name similarity. The court must consider the effects of marketplace presentation, including lettering styles, logos and coloring schemes." *Id.* (citing *Heartsprings Inc*., 143 F.3d at 555).

In *Hornady*, the plaintiff's mark was "TAP" and the defendant's mark was "DoubleTap." *Id*. at 999-1000. The Court held that the marks similarity weighed in favor of granting summary judgment for the defendant because: 1) The word placement of the marks was different; 2) the marks themselves differed substantially; 3) the packaging on which the parties display their marks differs greatly in color scheme and layout; and 4) the meaning behind the parties' marks were not similar. *Id*. at 1003.

Here, the parties' marks have some similarities, as was the case in *Hornady*, but also have clear differences. The marks both use the word "Affliction", are circular in design, use a black and white color scheme, and have a logo in the middle of the circular design. However, Plaintiff's mark uses the words "Affliction" and "Affliction Live Fast," whereas Defendant's reads "Vape Affliction."

In *Hornady*, both parties operated in the same industry selling ammunition. Here, the parties do not operate in the same industry other than the limited amount of promotional apparel that

Utah Vap sells. Affliction does not operate in the vaping industry. Similarly, Utah Vap only sells a small amount of promotional apparel to promote their vaping accessories. Utah Vap uses the word "Vape" before "Affliction" to describe the industry that it operates in. The use of the word Vape is a distinguishing factor that makes the likelihood of confusion among consumers low because it is unlikely someone will walk into a Utah Vap store and believe that the vaping accessories or the promotional apparel were produced by the Plaintiff. Therefore, the degree of similarity between the marks weighs either neutral or in favor of the Defendant.

2) **Intent of Infringer**

"Evidence that the alleged infringer chose a mark with the intent to copy, rather than randomly or by accident, typically supports an inference of likelihood of confusion." *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research*, 527 F.3d 1045, 1055 (10th Cir. 2008). Here, Affliction has not produced evidence that Utah Vap intended to copy its mark. Rather, Affliction argues that Utah Vap had constructive notice of its mark because Affliction's mark was registered with the United States Patent and Trademark Office. Although Affliction's mark was registered, there is no evidence that Utah Vap intended to copy its mark. Affliction has not cited precedent from this circuit finding that intent to copy is evidenced from the fact that a trademark is registered with the United States Patent and Trademark Office. Accordingly, because Affliction has not produced evidence that Utah Vap chose its mark with the intent to copy Affliction, this factor weighs in favor of Utah Vap.

3) **Evidence of Actual Confusion**

"Evidence of actual confusion in the marketplace is often considered the best evidence of a likelihood of confusion." *Hornady*, 746 F.3d at 1004-1005. "Evidence of actual confusion is often introduced through the use of surveys." *Id*. Affliction has not produced evidence of

consumer confusion. It has not conducted surveys and has not cited to any evidence of confusion in the marketplace. Accordingly, this factor weighs in favor of Utah Vap.

**4) Similarity in Marketing**

"If consumers are likely to exercise a high degree of care in purchasing a certain product, the likelihood of confusion is reduced." *Id*. "This court has previously analyzed this factor by separately considering (1) the similarity of products and (2) the similarity in the manner of marketing the products." *Sally Beauty Co., Inc. v. Beautyco, Inc*., 304 F.3d 964, 974 (10th Cir. 2002). The court also considers whether the parties are competitors in consumer markets. *See Id.*

Affliction primarily sells clothing apparel that has traditionally been associated with the mixed martial arts community. Affliction primarily markets its products through print advertisements, internet advertisements, and endorsement agreements with various celebrities. Utah Vap primarily sells vaping accessories as well as a small amount of promotional apparel to advertise its products.[1] Utah Vap primarily markets its products through specialty stores and websites.

The parties operate in different industries and therefore the likelihood of confusion is low. There is very little overlap in the products that the parties sell. Although Utah Vap sells a small amount of apparel, the apparel is primarily promotional to further its vaping accessory sales. Other than Utah Vap's promotional apparel, the parties do not sell the same or similar products. Affliction has never sold vaping accessories. Because the products are not similar in nature, the likelihood of confusion is low.

"[A]appropriate recognition must be given to the minimal degree of overlap between the products." *Big Dog Motorcycles LLC v. Big Dog Holdings*, 402 F.Supp. 1312, 1330 (D. Kansas

---

[1] Utah Vap has received around $10,000 in revenue from its apparel sales since its inception.

2005). In *AutoZone, Inc. v. Tandy Corp.*, the plaintiff AutoZone, which is a nationwide retailer of consumer automotive products, alleged that Radio Shack's use of the mark "POWERZONE" to promote a section of its retail outlets dedicated to selling various power-related items constituted infringement and unfair competition. 373 F.3d 786, 797-98 (6th Cir. 2004). In evaluating the relatedness of the goods, the Sixth Circuit observed that AutoZone and Radio Shack occupy distinct niches and their product lines converge only regarding power sources and power connections, a product line which comprises less than one percent of AutoZone's total stock. *Id.* at 798. In *AutoZone*, the Sixth Circuit held that the "miniscule overlap between the products" did not demonstrate a high degree of relatedness between the products. *Id*. Here, although Utah Vap sells a small amount of promotional apparel (less than .05% of its revenue), that similarity is diminished by the fact that the two companies generally occupy two separate and distinct market niches. *See also Big Dog Motorcycles*, 402 F. Supp. 2d at 1330. Accordingly, because there is very little overlap in the markets the parties sell their products to, the parties are not competitors in their respective markets.

Further, the parties engage in different marketing channels. Affliction primarily markets its apparel products through retail locations, endorsement deals, and internet advertising. Whereas, Utah Vap primarily sells its products through its specialty stores and website sales. Any similarities in marketing are at the highest generalities. Affliction has provided no evidence as to the parties using similar marketing channels other than arguing that both parties have physical locations and market online. Accordingly, this factor weighs in favor of Utah Vap.

### 5) The Degree of Care Exercised by Consumers

Affliction argues that the degree of care exercised by consumers is irrelevant because it is primarily harmed after the point of sale by onlookers believing that Utah Vap's apparel is

genuine Affliction apparel when it is not. Affliction, however, has provided no evidence of post-sale confusion. Further, the only evidence Affliction offers regarding the degree of care exercised by consumers is the parties' prices for their apparel. Affliction's products cost more than Utah Vap's promotional apparel. Affliction therefore argues that the degree of care exercised by consumers is low based solely on the low price point.

Utah Vap primarily sells vaping accessories. It also sells a small amount of promotional apparel to market its vaping accessories. Although Utah Vap sells a limited amount of promotional apparel at a low price point, it does so to market its vaping accessories. Affliction has not presented evidence of the degree of care exercised by consumers other than arguing that the court should infer a low degree of consumer care based solely on Utah Vap's low price point. Accordingly, this factor weighs in favor of Utah Vap because the parties operate in different industries and the likelihood of confusion is low.

**6) The Strength or Weakness of the Marks.**

"Likelihood of confusion depends partly on the senior mark's strength, i.e., its capacity to indicate the source of the goods with which it is used." *Hornady*, 746 F.3d at 1007. "Strength has two components: conceptual strength, or the mark's place on the spectrum of distinctiveness; and commercial strength, or its level of recognition in the marketplace." *Id*.

Affliction's brand is well known. In the last six years Affliction has received revenue of over $275 million. Affliction has also expended a large amount of resources in developing its brand. Utah Vap concedes that the Affliction mark is strong. Accordingly, this factor weighs in favor of Affliction.

However, even though the strength of the mark weighs in favor of Affliction, this factor does not save it from summary judgment. In *Hornady*, the court found that the plaintiff's mark was

9

both conceptually and commercially strong and that this factor weighed in favor of finding a likelihood of confusion. *Id*. at 1007-08. Even though the court in *Hornady* ultimately concluded that the strength of the mark weighed in favor of the plaintiff, the court granted the defendant summary judgment on the issue of likelihood of confusion.[2]

In analyzing the totality of the factors, the court finds that Affliction has only produced enough evidence to establish that it has a strong mark. The court determines that the similarity of the marks factor is neutral or weighs in favor of the Defendant because although there are similarities in the marks, Utah Vap's mark has distinct differentiating elements. There is no evidence: 1) Utah Vap intended to infringe on Affliction's mark; 2) of consumer confusion; 3) that the parties use the same marketing channels; or 4) that there is a likelihood of confusion in the degree of care exercised by the customers in purchasing the products. Accordingly, the evidence weighs in favor of finding that the likelihood of confusion between the marks is low. Affliction has not produced meaningful evidence of actual confusion to dispute this. Summary judgment is therefore granted in favor of the Defendant finding there is not a likelihood of confusion between the marks.

**(ii)    Damages**

As alternative grounds for summary judgment, Utah Vap argues that Affliction has not produced any evidence on the issue of damages. Pursuant to Rule 26(a)(1)(iii) of the Federal Rules of Civil Procedure, Affliction was required to provide "a computation of each category of damages claimed by the disclosing party" in its initial disclosures and all documents supporting the calculation. Rather, Affliction stated that it "currently lacks information sufficient to

---

[2] In *Hornady*, the court also found that the products and marketing were similar. Nonetheless, the court granted summary judgment in favor of the plaintiff.

calculate either defendant's profits or its actual damages…" *See Statement of Undisputed Material Facts* (SUMF) ¶24-25.

Fact discovery closed on June 5, 2018, and Affliction did not supplement its initial disclosures with a computation of damages. Because Affliction did not provide Utah Vap with any meaningful information relating to damages, Utah Vap argues that it should be precluded from doing so now that fact discovery is closed. Federal Rule of Civil Procedure 37(c)(1) states "[i]f a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

On June 20, 2018, shortly after Utah Vap filed its motion for summary judgment, Affliction provided supplemental discovery responses stating that it seeks disgorgement of profits from the entirety of Utah Vap's business operations. Affliction also stated that it seeks statutory damages that are available for a counterfeit mark.

The Lanham Act defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. This case does not involve a counterfeit mark because there are distinguishable elements between the marks.

Affliction has not produced evidence as to what damages it seeks. Affliction has previously stated that it seeks damages for the entirety of Utah Vap's business revenue. However, its opposition to the motion for summary judgment primarily argues that Utah Vap's promotional apparel creates a likelihood of confusion and there was little argument that Affliction is entitled to Utah Vap's profits from the sale of vaping accessories. Affliction has therefore not produced evidence as to the damages it claims and has not come forth with enough

evidence to allow Utah Vap to dispute its calculation of damages. Based on the current record, a jury would have insufficient evidence to award damages.

The court finds that it is not necessary to determine whether to allow more time for the parties to conduct additional discovery on the issue of damages because there is not a likelihood of confusion between the competing marks. However, as the record currently stands, Affliction has not provided a meaningful disclosure of the damages it seeks and has not produced evidence of damages other than arguing that it seeks the entirety of profits from Utah Vap's sales.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED in its entirety. (Dkt. No. 27).

Dated this 12th day of September, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge